IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WESLEY BAILEY**                                                                                       **PLAINTIFF**

v.                                          **CASE NO. 5:20-CV-5147**

**ARKANSAS AND MISSOURI**
**RAILROAD COMPANY**                                                                **DEFENDANT**

## OPINION AND ORDER

Now before the Court are the parties respective Motions in Limine.[1] Both Plaintiff Wesley Bailey and Defendant Arkansas and Missouri Railroad Company request certain evidence be excluded during the trial. The Court addresses each of the parties' respective motions below.

---

[1] The Court considered the following: Plaintiff Wesley Bailey's Motion in Limine (Doc. 37) and Defendant Arkansas and Missouri Railroad Company's Response (Doc. 43); Defendant's Motion in Limine (Doc. 38), Plaintiff's Response (Doc. 44), and Defendant's Reply (Doc. 46); and Defendant's Motion in Limine Regarding Subsequent Remedial Measures (Doc. 39) and Brief in Support (Doc. 40), Plaintiff's Response (Doc. 45), and Defendant's Reply (Doc. 47).

| **Plaintiff's Motion in Limine (Doc. 37)** | | |
|---|---|---|
| 37.1 | Motion To Exclude Certain Evidence of Contributory Negligence | **GRANTED** |
| Plaintiff seeks to exclude evidence of contributory negligence or assumption of risk that fails to meet the appropriate standard. Under FELA, "[t]he issue of contributory negligence is submissible to the jury only if a defendant offers some evidence independent of the plaintiff's testimony from which a jury could reasonably find a lack of due care by the plaintiff." *Van Boening v. Chi. & N. W. Transp. Co.*, 882 F.2d 1380, 1382 (8th Cir. 1989).<br><br>Defendant agrees that any evidence it offers regarding these issues must comply with the FELA-specific standard. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.2 | Motion to Exclude Evidence Regarding Certain Safety Rules | **GRANTED IN PART and DENIED IN PART** |
|---|---|---|
| Plaintiff seeks to exclude evidence of safety rules that lack an objective standard against which Plaintiff's compliance can be assessed. Plaintiff argues Defendant may only introduce evidence showing Plaintiff's failure to abide by a safety rule if that rule is "specific and objective."<br><br>Accordingly, Plaintiff seeks an order prohibiting Defendant from offering evidence of an alleged rule violation without first informing counsel and the Court outside the presence of the jury. Defendant argues the Court should make such a determination in the context of jury instructions—and after Defendant concludes its case-in-chief. | | |
| **RULING:** The parties informed the Court that Defendant agrees not to introduce the evidence set forth in Plaintiff's Motion in Limine No. 2 beyond that which is listed in Defendant's Exhibit List without first requesting a side bar. Accordingly, the Court **GRANTS IN PART** Plaintiff's liminal motion. The Court adopts the parties' agreed-to resolution and **DENIES IN PART** Plaintiff's liminal motion to the extent it differs. | | |

| 37.3 | Motion to Exclude Evidence of Collateral Source Benefits | **GRANTED IN PART and DENIED IN PART** |
|---|---|---|
| Plaintiff seeks to exclude evidence of collateral source benefits, including those under (a) private group insurance policies, and (b) under insurance policies generally; as well as those from (c) voluntary contribution by employer, (d) sick-leave and vacation; (e) state or federal government, (f) Medicare, Medicaid, or Social Security, (g) the Railroad Retirement Board, and (h) loans provided by Plaintiff's attorneys.<br><br>Defendant maintains that evidence of collateral source benefits is admissible "where plaintiff's case itself has made the existence of collateral sources of probative value," *Moses v. Union Pac. R.R.*, 64 F.3d 413, 416 (8th Cir. 1995), and argues Plaintiff has done just that. | | |
| **RULING:** The parties informed the Court that Defendant agrees not to introduce or reference the evidence set forth in Plaintiff's Motion in Limine No. 3 without first requesting a side bar. Accordingly, the Court **GRANTS IN PART** the liminal motion. The Court adopts the parties' agreed-to resolution and **DENIES IN PART** Plaintiff's liminal motion to the extent it differs. | | |

| 37.4 | Motion to Exclude Evidence of Prior Injuries | **DEFERRED** |
|---|---|---|

Plaintiff seeks to exclude evidence of any injuries he sustained prior to the events at issue in this litigation as irrelevant under Rule 403.

Defendant maintains that evidence of preexisting physical, emotional, or financial conditions is relevant to determining the extent to which damages are attributable to Defendant, and any such evidence should be admissible.

**RULING:** The Court has now reviewed the medical records contained within Defendant's proposed trial exhibits. Mr. Bailey broke his *right* ankle in a motorcycle accident on October 20, 2018. Ten days later (after the swelling went down), Dr. Pleimann with Ozark Orthopaedics performed an open reduction surgery with internal hardware to repair the right ankle. According to the records, Mr. Bailey healed nicely and was released to return to work on January 21, 2019. Afterwards, it appears that Mr. Bailey stopped attending physical therapy—which was formally terminated by the provider in April 2019 after several no-show no-calls.

At issue in this case is the injury to Mr. Bailey's *left* foot and ankle that occurred on July 1, 2019. Evidence about his prior right ankle injury is potentially relevant, but only to the extent there is a non-speculative basis to believe that the scope or timing of Mr. Bailey's present impairment was caused (in whole or in part) by the prior injury to the right extremity. The Defendant has not pointed to, and the Court has not found, any medical records discussing the significance of Mr. Bailey's prior right ankle injury vis-à-vis the overall damages allegedly flowing from the July 1, 2019 injury to his left foot and ankle. Consequently, in the absence of such contextual evidence, the Court provisionally **EXCLUDES** under Rule 403 any evidence or argument about the prior right ankle injury, because it would tend to confuse the jury about the damages at issue in this case. However, if Defendant believes it *can* show a contextual foundation, or if Plaintiff opens the door, the Defendant may revisit this ruling at side bar.

The Court also **EXCLUDES** under Rules 401 and 403 any references during opening statement to Defendant's "financial distress theory" or the arguably related comments made by Plaintiff's then-wife. Should Defendant believe there is non-speculative context at trial that renders evidence of this theory relevant and appropriately probative, Defendant may request a side bar to revisit this issue.

Defendant's newly proposed Exhibit P (provided to the Court on April 15th), while relevant and otherwise admissible, is nevertheless **EXCLUDED** as cumulative under Rule 403, because this same medical record (Dr. Rankin 4-16-20 clinic visit) is already part of Defendant's Exhibit N (at page FCFD000005).

| 37.5 | Motion to Exclude Plaintiff's Pleadings | **GRANTED** |
|---|---|---|
| Plaintiff seeks to exclude the pleadings entered in this case. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.6 | Motion to Exclude Counsel Deposition Comments | **GRANTED** |
|---|---|---|
| Plaintiff seeks to exclude comments, interjections or objections made by counsel during the course of a deposition read to the jury. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.7 | Motion to Exclude Evidence of Other Claims | **GRANTED** |
|---|---|---|
| Plaintiff seeks to exclude evidence of his involvement in other claims, suits or settlements outside the present controversy. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.8 | Motion to Exclude Evidence Regarding Rules for Working Off of the Locomotive | **GRANTED** |
|---|---|---|
| Plaintiff seeks to exclude evidence that, in working off of the locomotive, Plaintiff violated a rule or policy. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.9 | Motion to Exclude Statements Regarding Impact on Insurance Rates or the Economy | **GRANTED** |
|---|---|---|
| Plaintiff seeks an order preventing Defendant from stating or alluding to how the present (or similar) litigation may impact insurance rates or the economy. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 37.10 | Motion to Exclude Evidence of Plaintiff's Tax Return Status | **GRANTED** |
|---|---|---|
| Plaintiff seeks to exclude evidence regarding whether he filed income tax returns. Plaintiff states that he did not file a 2019 tax return, but he did file a 2020 tax return.<br><br>Defendant opposes this request, arguing such evidence is relevant to Plaintiff's alleged damages, and potentially to the credibility of witnesses. | | |
| **RULING:** The Court provisionally **EXCLUDES** under Rules 401 and 403 the fact that Plaintiff has "not filed tax returns" in a given year. However, Defendant may revisit this issue at side bar if Plaintiff somehow opens the door. Also, it is fair game for Defendant to cross-examine Plaintiff's wage loss expert on the fact that he was "not provided" and/or did not rely on a 2019 tax return. | | |

| 37.11 | Motion to Exclude Prejudicial Statements | **GRANTED** |
|---|---|---|
| Plaintiff seeks an order prohibiting Defendant from arguing Plaintiff is "trying to get rich," "hit the lottery," or making any similar comment. Defendant does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| **Defendant's Motion in Limine (Doc. 38)** | | |
|---|---|---|
| 38.1 | Motion to Exclude Evidence that FELA constitutes Plaintiff's Sole Remedy | **GRANTED** |
| Defendant seeks to exclude evidence showing either that FELA constitutes the only source of recovery available to Plaintiff or that Plaintiff is ineligible for worker's compensation benefits. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| | | |
|---|---|---|
| 38.2 | Motion to Exclude Evidence Regarding FELA Legislative History | **GRANTED** |
| Defendant seeks an order prohibiting Plaintiff from referring to the history of FELA or Congress's intent in enacting it on the ground that such information is irrelevant. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| | | |
|---|---|---|
| 38.3 | Motion to Prohibit Plaintiff From Misstating the Burden of Proof | **GRANTED** |
| Defendant seeks an order prohibiting Plaintiff from misstating the burden of proof during voir dire or opening statements. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.4 | Motion to Prohibit Plaintiff From Asking the Jury to Consider Improper Factors | **DEFERRED** |
|---|---|---|
| Defendant seeks an order preventing Plaintiff from suggesting to the jury that (a) jurors should render a verdict to punish Defendant, or (b) the jury serves as the conscious of the community. | | |
| \multicolumn{3}{|l|}{Plaintiff agrees that, because punitive damages are not available in FELA actions, it would be inappropriate to suggest the verdict should punish Defendant. However, Plaintiff maintains he should not be barred from framing the jury's task as one that should reflect community values or standards.} | | |
| \multicolumn{3}{|l|}{**RULING:** Given Plaintiff's representations, the Court has no reason to believe that Plaintiff will commit any golden rule violations. If either party believes the other is making an improper argument, they should object at trial. The Court **DEFERS** ruling on this liminal motion.} | | |

| 38.5 | Motion to Exclude Evidence Regarding Defendant's Finances | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude as irrelevant and unduly prejudicial any evidence regarding the financial worth of Defendant. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.6 | Motion to Exclude Evidence Regarding Defendant's Insurance Coverage | **GRANTED** |
|---|---|---|
| \multicolumn{3}{|l|}{Defendant seeks to (a) exclude evidence of liability insurance, self-insured retention, or its ability to pay a judgment as improper under Rule 411; (b) during jury selection, bar Plaintiff from asking the jury panel about employment, investment, or general connection to insurance providers; and (c) exclude any evidence regarding health insurance provided by Defendant to Plaintiff. Plaintiff does not object.} |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. |

| 38.7 | Motion to Exclude Prior Bad Act Evidence | **GRANTED** |
|---|---|---|
| \multicolumn{3}{|l|}{Defendant seeks to exclude evidence under Rule 404(b) related to prior incidents or litigation involving Defendant or other railroad companies. To the extent Plaintiff intends to introduce such evidence, Defendant seeks an order requiring Plaintiff to first lay a proper foundation. Under Rule 404(b), for a "prior bad act" to be relevant, Plaintiff must establish that it is "substantially similar" to the events at issue. Plaintiff does not object.} |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. |

| 38.8 | Motion to Exclude References to Defendant or the Railroad Industry as "Dangerous" | **GRANTED** |
|---|---|---|

Defendant seeks an order prohibiting Plaintiff from characterizing Defendant or the railroad industry as "generally unsafe" or "dangerous" on the ground that such a statement would be factually incorrect, irrelevant, and prejudicial. Defendant also seeks an order prohibiting Plaintiff from referencing general complaints or comments about workplace safety unrelated to the event at issue. Plaintiff does not object.

**RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion.

| 38.9 | Motion to Exclude Evidence Regarding the Quality of Defendant's Post-Accident Investigation | **DEFERRED** |
|---|---|---|

Defendant seeks to exclude evidence regarding the quality of its post-accident investigation on the ground that such commentary would be irrelevant, prejudicial, and confusing to the jury.

Plaintiff anticipates Defendant will argue Plaintiff is exclusively at fault. Should Defendant do so, Plaintiff argues, that would place the quality of the post-accident investigation at issue.

**RULING:** Defendant's motion is speculative and premature. The Court has no context to know how or when evidence of the relative "quality" of the accident investigation will be presented. If an evidentiary line has been (or is about to be) crossed, an objection should be made at that time, and the Court will rule in the context of trial. Accordingly, the Court **DEFERS** this liminal motion.

| 38.10 | Motion to Exclude Certain Data from Evidence | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence regarding injury statistics and the reportability of such incidents to the Federal Railroad Administration ("FRA"). That includes whether Plaintiff's injury was reportable. Defendant argues use of such information would contradict Congress's intent in implementing reporting requirements and would be prejudicial. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.11 | Motion to Exclude Depictions of Plaintiff Receiving Medical Care or Recovering from Injuries | **GRANTED IN PART and DENIED IN PART** |
|---|---|---|
| Defendant seeks to exclude photographs of Plaintiff in a medical setting or recovering from his injuries. Defendant argues the prejudicial effect of such evidence far outweighs its probative value, and it would be unduly cumulative.<br><br>Plaintiff disagrees. He argues that photos of the injury provide important evidence regarding damages and appropriately supplement his testimony. | | |
| **RULING:** The parties informed the Court that they have reached an agreement regarding which photographs will be presented to the jury. Accordingly, the Court **GRANTS IN PART** the liminal motion. The Court adopts the parties' agreed-to resolution and **DENIES IN PART** Plaintiff's liminal motion to the extent it differs. | | |

| 38.12 | Motion to Exclude Evidence of Plaintiff's Medical Bills | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence regarding Plaintiff's medical bills because Defendant has already paid them. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.13 | Motion to Exclude Evidence Regarding Inflation | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence regarding inflation and its effect on an award of damages. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.14 | Motion to Exclude Evidence Irrelevant to Damages Calculation | **GRANTED** |
|---|---|---|
| Defendant seeks an order (a) prohibiting Plaintiff from arguing that any award of damages would be subject to income tax, (b) excluding evidence of Plaintiff's gross wage loss, given that the proper measure of damages is net wage loss. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.15 | Motion to Exclude Evidence That Mischaracterizes Defendant's Duty | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence that mischaracterizes Defendant's duty to its employees. Defendant maintains it has an obligation to provide a reasonably safe work environment, but it is not required to implement the safest or most effective procedures or provide the safest or most effective equipment. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.16 | Motion to Exclude Reference to Discovery Disputes or Deficiencies | **GRANTED** |
|---|---|---|
| Defendant seeks an order prohibiting Plaintiff from referencing the discovery process that occurred in this case, including any discovery disputes or discovery deficiencies. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.17 | Motion to Prohibit Improper Appeals to Juror Emotions | **GRANTED** |
|---|---|---|
| Defendant seeks an order prohibiting Plaintiff from asking jurors to place themselves in Plaintiff's position or to imagine his pain or emotions. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.18 | Motion to Prohibit Improper Commentary on Witness Credibility | **GRANTED** |
|---|---|---|
| Defendant seeks an order barring witness commentary on the credibility of other witness, as well as the solicitation of such commentary by opposing counsel. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.19 | Motion to Exclude Evidence Regarding Settlement Negotiations | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence of settlement negotiations under Rule 408. Plaintiff does not object. | | |
| **RULING:** The parties stipulated that this liminal motion applies to both parties and should be granted. Accordingly, the Court **GRANTS** this liminal motion. | | |

| 38.20 | Motion to Exclude Reference to an Incorrect Standard of Care | **DENIED WITHOUT PREJUDICE** |
|---|---|---|
| \multicolumn{3}{|c|}{Defendant seeks to exclude evidence regarding the "Reptile Theory," which Defendant defines as "an argument that [it] should make the 'safest possible choice' in all circumstances." Defendant contends it has an obligation to provide workers with "a reasonably safe place to work," and it possesses no obligation to provide employees with the "safest possible workplace." Plaintiff says he does not intend to argue that the standard of care is something other than a "reasonably safe place to work." However, he maintains that asking jurors to rely on their commonsense or consider the community's expectation of what a reasonably safe place to work does not conflict with that standard.} |||
| **RULING:** The Defendant's motion is non-specific and speculative, and therefore the Court **DENIES WITHOUT PREJUDICE** this liminal motion. If an improper argument is made, the aggrieved party should object and the Court will rule in the context of trial. |||

| 38.21 | Motion to Exclude Evidence Regarding Defendant's Payment of Lost Wages | **GRANTED** |
|---|---|---|
| \multicolumn{3}{|c|}{Defendant seeks to exclude evidence that it improperly withheld income from Plaintiff on the ground that it had no duty to pay Plaintiff during the periods in which he did not work for Defendant. Defendant argues evidence of lost wages should be considered only as an element of damages. Plaintiff agrees in part. Plaintiff says he will not argue Defendant failed to pay income that was due. However, Plaintiff maintains that if Defendant argues Plaintiff failed to mitigate his damages by obtaining other employment, then Plaintiff may introduce evidence of Defendant's failure to provide appropriate alternative employment.} |||
| **RULING:** Plaintiff stipulated during the pretrial hearing that he will not argue Defendant failed to pay income that was due. The Court **GRANTS** this liminal motion to that extent. |||

| 38.22 | Motion to Exclude Evidence of Subsequent Remedial Measures | **GRANTED** |
|---|---|---|
| Defendant seeks to exclude evidence regarding remedial measures implemented after Plaintiff was injured while performing a "gravity switch maneuver" on July 1, 2019. Defendant argues that such evidence is inadmissible to prove negligence under rule 407. Defendant further contends no other purpose for which such evidence may be admissible—such as impeachment and establishing ownership or the feasibility of precautionary measures—renders the probative value greater than the risk of unfair prejudice.<br><br>Plaintiff contends Defendant took no real remedial action following the incident but instead reiterated its existing policy. Plaintiff argues, even if this did constitute a subsequent remedial measure, (a) any assertion by Defendant that its policy as of July 1, 2019, was proper and its employees received proper training opens the door to evidence of subsequent retraining, (b) evidence of the subsequent remedial measures can be introduced to establish feasibility, one of the exceptions to Rule 407. |||
| **RULING:** Plaintiff stipulated during the pre-trial hearing that he intends to argue the training he received prior to the accident was inadequate. He does not intend to introduce evidence regarding a safety meeting Defendant held after the event at issue. Accordingly, the Court **GRANTS** this liminal motion. |||

**IT IS SO ORDERED** this 15th day of April, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE